IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GUERRA-SANCHEZ,<br>    ID # 55800-177, | ) <br> ) | |
|         Movant, | ) | No. 3:22-CV-1945-B-BH |
| vs. | ) | No. 3:17-CR-341-B (5) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *Motion for Reconsideration of IFP Order,* received October 4, 2022 (doc. 7). The movant explains that he seeks reconsideration of the denial of leave to proceed *in forma pauperis* (IFP) because he seeks to obtain a free copy of a transcript of a status conference held in the underlying criminal case on July 31, 2019. (*See id.*) He also requests that to the extent IFP status is unnecessary, his motion be construed as a seeking a free copy of the transcript. (*See id.*) His motion is so construed.

Section 2250 of Title 28 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. Indigent defendants do not have a constitutional right to free copies of transcripts or other court records for use in collateral proceedings. *U.S. v. Ramos-Barrera*, 466 F. App'x 334 (5th Cir. 2012) (per curiam) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)); *United States v. Peralta-Ramirez*, 266 F. App'x 360, 361 (5th Cir. 2008) (per curiam). To obtain free

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation.

copies of transcripts, movants must satisfy the requirements of 28 U.S.C. § 753(f), which "'provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue.'" *United States v. Davis*, 369 F. App'x 546, 546-47 (5th Cir. 2010) (per curiam) (quoting *MacCollom,* 426 U.S. at 320-21)). It states:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

The Fifth Circuit has made clear that there is no entitlement to a free transcript so that an indigent litigant may conduct a "fishing expedition". *See United States v. Caravajal*, 989 F.2d 170 (5th Cir.1993); *see also United States v. Herrera,* 474 F.2d 1049, 1049-50 (5th Cir.1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."); *Walker v. United States*, 424 F.2d 278, 278 (5th Cir. 1970) (same). A movant must "make the court aware of 'any facts that might require a close examination of the trial transcript.'" *United States v. Flores*, No. 4:18-CR-188(2), 2021 WL 4269487, at *1 (E.D. Sept. 20, 2021) (quoting *Davis*, 369 F. App'x at 547, in turn quoting *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)); *Baker v. United States*, No. 3:15-CV-42, 2016 WL 6094169, at *1 (S.D. Tex. Oct. 17, 2016).

Here, the movant does not explain why he needs the transcript of a status hearing; he only states that "he believes that [it] is material to his claims of ineffective assistance of counsel." He

has not identified any facts to show that examination of the transcript is warranted, or that his issues are not frivolous. The motion for a free copy of the transcript is **DENIED**.

Should he choose to do so, the movant may pay for a copy of the transcript he seeks. The Clerk's Office is therefore **INSTRUCTED** to provide the defendant with an estimate of the cost of the transcript of the status conference and the proper procedure for obtaining a copy of it.

**SIGNED this 7th day of October, 2022.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE