UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GUERRA-SANCHEZ, | § | |
| ID # 55800-177, | § | |
| Movant, | § | |
| | § | No. 3:22-CV-1945-B-BK |
| v. | § | No. 3:17-CR-341-B(5) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on September 1, 2022 (doc. 1), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Movant Jesus Guerra-Sanchez[1] (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-341-B-5. The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

After first being charged by complaint and indictment with others, Movant was charged by superseding indictment with one count of conspiracy to distribute a controlled substance. (See docs. 1, 43, 84.)[2] He pled guilty to the conspiracy count under a plea agreement. (See docs. 248, 338.)

The plea agreement reflected that Movant understood the nature and elements of the crime to which he was pleading guilty, and that the factual resume he signed was true and would be

---

[1] Movant states that his name has been incorrectly written as Jesus Guerra-Sanchez, rather than as his correct name, Jesus Sanchez-Guerra. (*See* No. 3:22-CV-1945-B-BK, doc. 11 at 5.) As Movant's entire criminal proceedings and the Bureau of Prisons identify him as Jesus Guerra-Sanchez, this action does the same in the interest of consistency and to avoid confusion.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:17-CR-341-B(5).

submitted as evidence. (*See* doc. 248 at 1-2.)³ It set out the minimum and maximum penalties for the conspiracy count; it stated that Movant had reviewed the advisory federal sentencing guidelines with counsel, and he understood his sentence would be imposed by the court after consideration of the guidelines and no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See id.* at 2-3.) He agreed the guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those set forth in the plea agreement; there were no guarantees or promises from anyone about what sentence the court would impose. (*See id.* at 6.)

On July 10, 2018, Movant appeared for his rearraignment. (*See* doc. 973.) He testified under oath through an interpreter that: he understood that a guilty plea must not be induced or prompted in any way by promises, threats, force, or coercion, and that it must be purely voluntary and entered only because he was guilty and for no other reason; the plea documents were translated into Spanish and read to him in their entirety, and he fully understood and discussed them in detail with counsel before he signed them; he understood the essential elements of the conspiracy count and had committed each of them; he understood by pleading guilty, he was exposing himself to a sentence of imprisonment of not less than 10 years and not to exceed life; he was fully satisfied with his counsel's representation; he understood that he was waiving his right to appeal and otherwise challenge his sentence and conviction except in very limited circumstances; and no one made any promise or assurance or asserted force of any kind to get him to plead guilty. (*See id.* at 7-8, 13-21.)

The United States Probation Office (USPO) prepared a pre-sentence investigation report

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(PSR) for purposes of sentencing, which reflected that Movant's base offense level was 38 based on the drug quantities for which he was held accountable. (*See* doc. 420-1 at ¶¶ 49, 57.) Two levels were added because the offense involved methamphetamine imported from Mexico, three levels were added based on Movant's role as a manager or supervisor in the criminal activity, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 40. (*See id.* at ¶¶ 58, 60, 64-66.) Based on a total offense level of 40 and criminal history category of I, his guideline imprisonment range was 292 to 365 months. (*See id.* at ¶ 103.) Movant filed objections to the PSR, the USPO supported the PSR as written in an addendum, and Movant filed objections to the PSR addendum. (*See* docs. 709, 715-1, 733.)

Movant's first sentencing hearing was continued for consideration of the possibility of a duress defense. (*See* doc. 939.) At the second sentencing hearing, the court overruled Movant's objections to the PSR and addendum, found that there was not enough proof to Movant's allegations of duress, and granted a three-level downward departure on the Government's motion, resulting in a guideline imprisonment range of 210 to 262 months. (*See* doc. 940.) Movant was sentenced to a term of imprisonment of 230 months, to be followed by five years of supervised release. (*See* doc. 916.) The Fifth Circuit dismissed his direct appeal. (*See* docs. 1006-07.) Movant did not file a petition for a writ of certiorari with the Supreme Court.

B. <u>Substantive Claims</u>

Movant's § 2255 motion alleges that: his conviction was based on insufficient evidence, or, alternatively, his guilty plea was not knowingly, voluntarily, and intelligently made; trial counsel rendered ineffective assistance; and appellate counsel rendered ineffective assistance. (*See* No. 3:22-CV-1945-B-BK, doc. 1 at 7-8.) The Government filed a response on December 27, 2022. (*See id.*,

3

doc. 18.) Movant did not file a reply.

## II.  SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.  SUFFICIENCY OF EVIDENCE

Movant contends that his "conviction is infirm as it is based on insufficient evidence to satisfy the essential elements of the charged offense[.]" (No. 3:22-CV-1945-B-BK, doc. 1 at 7.) His claim appears to be premised on the theory that he lacked the requisite *mens rea* for the offense of conviction because he committed it under duress or coercion. (*See e.g., id.*, doc. 11 at 11-13.)

Even if the court assumes for purposes of this motion only that this claim is not procedurally defaulted because it was not raised on direct appeal or waived by Movant's appeal waiver, it fails on the merits. The record shows that Movant signed a factual resume admitting he committed each of the essential elements of the offense, including knowingly and willfully joining into the unlawful agreement. (*See* doc. 247.) At his rearraignment, he swore under oath that he understood and committed each of the essential elements of the offense, understood the factual resume, which had

4

been translated into Spanish, explained, and read in its entirety to him, and admitted that the stipulated facts therein to support his conviction were true and correct. (*See* doc. 973 at 13-14, 21-22.) Further, based on investigative materials from the underlying criminal investigation and interviews with agents involved in same, the PSR detailed the scope of the charged conspiracy and Movant's overt acts therein; Movant has not presented any probative evidence in rebuttal. (*See* doc. 420-1 at ¶¶ 9-42.) The record is therefore replete with evidence sufficient to support his conviction. As for his allegations of duress or coercion, through filings by counsel and at Movant's two sentencing hearings, the court heard and considered those allegations and the potential availability of a duress defense or a departure based on same. (*See* docs. 709, 905, 939-40.) On this record, Movant fails to show that his substantial rights were affected in connection with the sufficiency of the evidence to support his conviction. *See Greer v. United States*, 593 U.S. 503, 507-08 (2021) (quoting *Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018)). Accordingly, his claim is denied.

## IV. INVOLUNTARINESS OF PLEA

Related to his sufficiency-of-the-evidence claim, Movant contends his conviction "was obtained by a plea of guilty which was unknowing, involuntary, and lacked intelligent comprehension of the nature of the charge and the consequences of the plea." (No. 3:22-CV-1945-B-BK, doc. 1 at 7.) He appears to argue that his plea was involuntary because he believed he was entering into a "cooperation agreement" with the Government when he entered into the plea agreement and subsequently pled guilty, he did not understand the plea documents because his counsel neglected to translate and explain them to him, counsel's representations manipulated Movant into pleading guilty, and he did not know there were "reasonable alternatives" to pleading guilty. (*See id.*, doc. 11

5

at 15-17; *id.*, doc. 12 at 7, 9, 11.)

Movant's contention that his plea was not voluntary is utterly belied by the record, which shows that Movant's guilty plea was made knowingly and voluntarily and with notice of the consequences thereof; and his allegations that he did not know he was signing a plea agreement or pleading guilty, but rather thought he was engaged in a "cooperation agreement" with the Government with the expectation of a sentence of release, defy credulity. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The plea agreement – identified by name as such – that Movant signed, including the representation that the plea was voluntary, is accorded great evidentiary weight. *See Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1981). It advised him – as did the court in person – that by pleading guilty, he was subjecting himself to a term of imprisonment of not less than 10 years and not more than life and that the court alone would decide his sentence after consideration of the advisory sentencing guidelines. (*See* doc. 248 at 2-3.) In it, he also agreed he had received satisfactory explanations from counsel concerning each paragraph of the plea agreement and the alternatives available to him other than entering into the agreement; he further conceded that he was guilty of the offense of conviction. (*See id.* at 6-7.)

At his rearraignment, Movant affirmed under oath that he understood and was consenting to proceed with a guilty plea. (*See* doc. 972 at 3-4.) He swore that the plea agreement, plea agreement supplement, and factual resume were translated into Spanish for him and read to him in their entirety, and he fully understood and discussed them in detail with counsel before he signed them; he also affirmed his understanding of the essential elements of the conspiracy count and that he had committed each of them. (*See* doc. 973 at 13-21.) In response to the court's inquiry on how he pled to the conspiracy count, Movant replied, "Guilty." (*Id.* at 20.) His solemn declarations in

6

open court are entitled to a presumption of verity, and they establish his mindset at the time of the plea.[4] *See United States v. Valdez*, 973 F.3d 396, 405-06 (5th Cir. 2020).

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The contemporaneous plea documents and his sworn statements in open court contradict and refute his allegations that he believed he was entering a "cooperation agreement" for an ultimate sentence of release, did not understand the plea documents because they were not translated for and explained to him, and did not know he was pleading guilty because of counsel's alleged representations. Movant fails to show that his guilty plea was involuntary or that he was unaware of the consequences of pleading guilty, and his claim is denied.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also contends that his trial counsel rendered ineffective assistance during pre-plea and sentencing proceedings, and that his appellate counsel rendered ineffective assistance on appeal. (*See* No. 3:22-CV-1945-B-BK, doc. 1 at 7-8.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient, and

---

[4] In an attempt to explain away his sworn hearing testimony, Movant states that "[m]ultiple defendants (associated with multiple criminal cases) were processed simultaneously at this [rearraignment] hearing in round-robin style." (No. 3:22-CV-1945-B-BK, doc. 11 at 16.) He asserts that counsel "told him to repeat after everyone else, and this [Movant] was lulled into doing." (*Id.*) Movant's claims are without merit. Although the record shows that the court gave general instructions and explanations simultaneously to multiple defendants at the hearing, it had taken up Movant's case individually at the time he gave the referenced testimony. (*See* doc. 973 at 5-10.) Movant's effort to disclaim his sworn testimony is unavailing and does not render his plea involuntary.

7

that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

On appeal, counsel need not raise every non-frivolous issue to render constitutionally effective assistance. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness,'" and the court must consider whether the challenge "would have been sufficiently meritorious such that [] counsel should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688); *see also Williamson*, 183 F.3d at 463 ("Solid, meritorious

8

arguments based on directly controlling precedent should be discovered and brought to the court's attention."). To demonstrate prejudice, a movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

### A. Plea Proceedings

Movant offers a laundry list of the supposed failings of trial counsel during plea proceedings. (*See* No. 3:22-CV-1945-B-BK, doc. 1 at 7; *see also id.*, doc. 11 at 13-17.) Said failings are encompassed in claims that counsel failed to: properly negotiate and explain the filed plea documents to him; object based on the insufficiency of the evidence; and failed to properly and timely assert an affirmative defense. (*See id.*, doc. 1 at 7.)

Even if the court assumes, without deciding, that counsel rendered deficient performance as alleged, Movant has failed to show prejudice under the second prong of *Strickland*. In the context of a guilty plea, as here, *Strickland* prejudice requires "the habeas petitioner [to] show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004) (citation omitted); *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice."). A court should not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that the movant "must substantiate any preference to proceed to trial—if he had

9

been properly advised on the sentence he was facing—with 'contemporaneous evidence,' not post hoc assertions.").

Here, Movant has not cited to any contemporaneous evidence to support his position, and he provides only conclusory and self-serving *post hoc* allegations of prejudice, none of which is sufficient to show a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Movant has failed to satisfy his burden under *Strickland*, and his claims are denied.[5]

## B. Second Plea Offer

Movant also contends that counsel was ineffective for failing to "properly convey and explain the nature of a second plea offer" and "properly advise [him] as to the context of the second plea offer." (*See* No. 3:22-CV-1945-B-BK, doc. 1 at 7.)

The claim fails because Movant does not show resulting prejudice under the second *Strickland* prong. To show prejudice when a plea agreement is rejected based on alleged ineffective advice, as Movant alleges here, a movant must show a reasonable probability that but for the deficient advice:

---

[5] In his brief, Movant also appears to allege a host of pre-plea failings of counsel, including that counsel failed to file a formal notice of appearance causing Movant to lose the opportunity to cooperate first with the Government, timely interact with him, seek or obtain his pre-trial release, move to dismiss the indictment, and pursue a speedy trial. (*See* No. 3:22-CV-1945-B-BK, doc. 11 at 12-15; *id.*, doc. 12 at 8.) Because Movant's guilty plea was knowing and voluntary, as explained by the court, he waived all non-jurisdictional claims related to alleged defects during pretrial stages of the underlying criminal case. *See United States v. Sublet*, 211 F. App'x 301, 302 (5th Cir. 2006) ("With respect to his guilty-plea convictions, [the defendant] has waived all non-jurisdictional defects in the proceedings before the district court by entering a valid, unconditional guilty plea."). Even had he not waived such claims, he fails to show that counsel's actions rendered his performance constitutionally deficient and a reasonable probability that the result of the proceedings would have been any different absent counsel's alleged deficiencies under *Strickland*. To the extent asserted, Movant's pre-plea claims of ineffective assistance of trial counsel are denied.

(1) "the plea offer would have been presented to the court, (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2021). Movant fails to establish the first two elements, thereby failing to show resulting prejudice.

At the second sentencing hearing, Movant was questioned on the record before the court regarding the second plea offer, which was made between the date of the first sentencing hearing that was continued and the date of the second sentencing hearing.[6] (*See* doc. 940 at 28-31.) He affirmed that: counsel told him the Government had made an offer of 150 months' imprisonment, he told counsel he did not want to accept the offer and wanted the court to decide his sentence instead, he understood he was facing a guideline imprisonment range of 210 to 262 months and still wanted the court to decide the sentence rather than accept the offer of 150 months' imprisonment, and counsel tried to persuade him that the offer was a good one and should be considered. (*See id.*) Here, Movant's post-judgment declarations, made with the benefit of hindsight, are unsupported by anything else in the record and directly contradict his express testimony; they do not establish a reasonable probability that he would have accepted the second plea offer. Nor has Movant provided any facts or evidence to show a reasonable probability that the court would have accepted the terms of the agreement; in fact, when notified about the Government's impression from the first sentencing hearing that the court was considering a sentence below the applicable guideline range, the court

---

[6] The record indicates that the second plea offer provided for an agreed sentence of 150 months' imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C). (*See* doc. 940 at 28.)

expressly stated, "No, I'm not going below the guidelines," and clarified that it did not intend to give the impression that it was considering a 150-month sentence. (*Id.* at 39-41.) Movant fails to satisfy his burden under the second *Strickland* prong, and the claim is denied.

## C. <u>Post-Plea Proceedings</u>

Movant also offers several complaints relating to counsel's alleged ineffectiveness in post-plea proceedings. (*See* No. 3:22-CV-1945-B-BK, doc. 1 at 7.) He complains that counsel was ineffective in post-plea proceedings because he failed to: withdraw Movant's guilty plea; sufficiently challenge the PSR and addendum; "ensure 'safety valve' relief"; and "effectively negotiate and/or argue for an appropriate sentence." (*Id.*; *see also id.*, doc. 11 at 17-28.)

As to each of his claims, Movant's allegations fail to satisfy his burden under the second prong of *Strickland* to show resulting prejudice. To show prejudice in the post-plea or sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See, e.g.*, *Glover v. United States*, 531 U.S. 198, 200 (2001). Here, Movant provides no facts or evidence to show a reasonable probability that counsel would have been successful had he taken any of the actions alleged by Movant, and that Movant's sentence would have been less harsh as a result. His conclusory statements and speculation are insufficient to show resulting prejudice under *Strickland*. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter,* 562 U.S. 86, 112 (2011)); *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."). Because his conclusory and unsubstantiated allegations

12

fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed.[7] *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

Movant has failed to satisfy his burden under *Strickland*, and he is not entitled to relief on his post-plea claims of ineffective assistance of counsel. The claims are denied.

### D.  Appellate Proceedings

Movant contends that appellate counsel rendered ineffective assistance because she failed to advise him that he could withdraw his appeal and that his ineffective-assistance-of-counsel claims were properly raised in a collateral § 2255 proceeding, and to "recognize, discuss with [Movant], or press the sufficiency-of-the-evidence issue." (No. 3:22-CV-1945-B-BK, doc. 11 at 28-29; *see also id*, doc. 1 at 8.) According to Movant, if appellate counsel had advised him as alleged, "he would have foregone a direct appeal, in favor of developing the post-conviction record," and if "she had asserted [the sufficiency-of-the-evidence] claim (and that any waiver only promoted a miscarriage of justice), the Appeals Court would have found plain error, and reversed." (*Id.*)

Movant's claims are without merit. His cursory allegations and conclusory statements fail to identify or show any "[s]olid, meritorious arguments based on directly controlling precedent" that appellate counsel should have raised; as such, they do not satisfy Movant's burden under the first *Strickland* prong. *Williamson*, 183 F.3d at 463. Nor do they show a reasonable probability that Movant

---

[7] In his brief, Movant suggests that his counsel should have called him, some of his family members, and others (at least one of whom has since died) at one or both of the sentencing hearings to support his duress allegations. (*See* No. 3:22-CV-1945-B-BK, doc. 11 at 22-23; *id.*, doc. 12 at 4, 10, 12.) With the exception of himself, Movant fails to provide any facts or evidence beyond speculation and conclusory assertions to show that the others were available to testify at either sentencing hearing and would have done so, the content of their anticipated testimony, and how the testimony would have favored the defense. Accordingly, he fails to satisfy his burden under *Strickland* based on counsel's failure to provide testimony or evidence from these individuals. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). As for himself, the court heard at both sentencing hearings the general substance of what Movant claims he would have testified to had counsel called him. Given this, he fails to show a reasonable probability that his sentence would have been less harsh had counsel called him to testify and had he testified as alleged. He therefore is not entitled to § 2255 relief and this claim is denied.

would have prevailed on appeal but for appellate counsel's alleged deficiencies. Movant therefore also has not satisfied the second *Strickland* prong. He is not entitled to § 2255 relief on these claims, and they are denied.

## VI.  EVIDENTIARY HEARING

To the extent Movant requests an evidentiary hearing on his claims, an evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to present independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VII.  CONCLUSION

For the foregoing reasons, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on September 1, 2022 (doc. 1), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 11th day of June, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE